IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EUGENE THOMAS, | : |
| Plaintiff, | : |
| | : NO. 4:23-CV-000186-CDL-CHW |
| VS. | : |
| JOHN DOES, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Eugene Thomas, a pre-trial detainee at the Muscogee County Jail in Columbus, Georgia has paid the required initial partial filing fee in this case and filed a recast complaint. The Court previously informed Plaintiff that his recast complaint would take the place of the original complaint. ECF No. 10 at 8-10. Plaintiff's recast complaint (ECF No. 13) is the operative complaint in this civil action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint). In the recast complaint, Plaintiff removes Municipal Court Judge Jane Doe and District Attorney Stacey Jackson as Defendants. ECF No. 13 at 1 and 5-6. Plaintiff refers again to John Doe law enforcement officers, Deputy Sheriff Purnell, and Sheriff Countryman as Defendants but adds "agent or officer Darden", "agent or officer Blake", "agent or officer Moore", "agent or officer Randle", and "agent or officer Jeremy

Tan" as Defendants, as well as "the federal agent that applied for the search warrant signed by Magistrate Stephen Hyles". *Id.*

Plaintiff has also filed a motion to supplement his complaint with an additional Defendant (ECF No. 18), which is **GRANTED**. In his motion to supplement, Plaintiff states that the unnamed agent who applied for the search warrant is DEA agent Ken Culverson. ECF No. 18.

Consistent with Plaintiff's recast and supplemental complaints, the Clerk of Court is **DIRECTED** to remove Municipal Court Judge Jane Doe and District Attorney Stacey Jackson as Defendants and to add "agent or officer Darden", "agent or officer Blake", "agent or officer Moore", "agent or officer Randle", "agent or officer Jeremy Tan," and DEA agent Ken Culverson as Defendants.

Plaintiff's claims are now ripe for review pursuant to 28 U.S.C. §§ 1915A and 1915(e). Upon such review, it is **RECOMMENDED** that Plaintiff's claims against John Doe Defendants be **DISMISSED** without prejudice. It is further **RECOMMENDED** that Plaintiff's Fourth Amendment claim against the named Defendants be **STAYED** pending the resolution of the federal and state court criminal proceedings against Plaintiff.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I. <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes

apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at

3

556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. <u>Plaintiff's Allegations</u>

Plaintiff states that on August 9, 2023, "Federal D.E.A. Agents, along with the Muscogee County Sheriff Department executed a search of [his] home".  ECF No. 13 at 7.  Plaintiff complains that the search warrant that led to the search of his house is "invalid" and that the search of his home was unreasonable and unconstitutional.  *Id*. at 8-9.  Plaintiff claims that the Defendants violated and conspired to violate his Fourth and Fourteenth Amendment rights.  *Id*. at 10.  Plaintiff seeks damages and injunctive relief.  *Id*. at 11.

III. <u>Plaintiff's Claims</u>

A. *Plaintiff's claims against unnamed Defendants*

Plaintiff seeks, in part, to bring claims against "agent or officer(s) [he] may not have mentioned".  ECF No. 13 at 6.  As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  Fictitious party pleading is permitted only when the plaintiff's description of a defendant is

4

so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted). Even *pro se* plaintiffs, whose complaints the Court is required to construe liberally, must associate specific defendants with specific claims so that the defendants are put on notice of the claims brought against them and can properly answer the complaint. *See e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (finding that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Plaintiff does not provide any description of his "John Doe" Defendants that would put any such party on notice of this civil action, nor does he provide enough information regarding these Defendants so that service of process could be effectuated. ECF No. 13 at 6. To the extent Plaintiff seeks to bring claims against unnamed, unidentified, and prospective Defendants, Plaintiff has not provided enough detail to state a claim upon

5

which relief may be granted. *See Richardson*, 598 F.3d at 738 (dismissal of claim appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison]"). Accordingly, it is **RECOMMENDED** that Plaintiff's claims against John Doe Defendants be **DISMISSED** without prejudice.

### B. Plaintiff's claims against remaining Defendants

Plaintiff's complaint names both federal and state law enforcement officers as Defendants. *See* ECF No. 13 at 1 and 5-6; ECF No. 18. As noted above, 42 U.S.C. § 1983 provides a cause of action against a *state* actor who has violated a person's federally protected rights. *Hale*, 50 F.3d at 1582. A *Bivens* claim, on the other hand, is the judicially created counterpart to a § 1983 action, providing a cause of action for monetary damages against a *federal* actor for the violation of federally-protected rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-96 (1971).[1] "[A]s a general matter federal courts incorporate § 1983 law into *Bivens* actions." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

The Complaint indicates that Plaintiff is a pre-trial detainee and that Plaintiff's prosecution for criminal charges that arose in connection to the search of his home is ongoing. The original Complaint suggests that Plaintiff is currently being prosecuted in

---

[1] In *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–61 (2017), the Supreme Court significantly curtailed the availability of *Bivens* actions, stating that expanding the *Bivens* remedy is a disfavored judicial activity and cautioned lower courts not to expand *Bivens* remedies outside the contexts of the precedent set by previous *Bivens* claims without affirmative action by Congress. *Ziglar*, 137 S. Ct. at 1864.

6

the state courts of Muscogee County, Georgia, where a municipal court judge ordered Plaintiff's case bound over for further proceedings. ECF No. 1, p. 6. Where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended". *Wallace v. Keto*, 549 U.S. 384, 393–94 (2006); *see also James v. Melke*, CV 412-115, 2012 WL 2153798 at *2 (S.D. Ga. June 13, 2012), *adopted by*, 2012 WL 3293700 (S.D. Ga Aug. 10, 2012). Furthermore, should his criminal prosecution lie in the state courts, this Court must "abstain from hearing cases that would interfere with state court proceedings when (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity to raise constitutional challenges in the state proceedings". *Parris v. Taft*, 630 F. App'x 895, 898 (11th Cir. 2015) (citations omitted); *see also Younger v. Harris*, 401 U.S. 37, 43 (1971); *Judice v. Vail,* 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (internal quotations marks and citation omitted) (finding that federal courts "should assume that the state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). When a Plaintiff seeks damages, the preferred practice is to stay the federal proceeding until the criminal case has ended. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)  (finding that "while we have held that federal courts may stay actions based on abstention principles, we have not held that those principles support the outright dismissal

7

or remand of damages actions"); *Doll v. Sec'y, Fla. Dep't of Corr.*, 715 F. App'x 887, 892 (11th Cir. 2017) (finding that "a stay, rather than dismissal, pending the resolution of state proceedings was appropriate because [Plaintiff] sought … damages for the alleged violations of his constitutional rights.").

In sum, "a district court may stay a case 'pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice[.]'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382 (1935)). A stay of this civil action is appropriate because the issues it presents are inextricably intertwined with the criminal case, and Plaintiff is afforded an opportunity to contest the validity of the search during his criminal prosecution whether that prosecution lies in either the state or federal courts or both. In the orderly process of justice, the criminal courts should resolve the validity of the search warrant and the search of Plaintiff's home prior to this Court's enquiry into the same in this civil action. Accordingly, it is **RECOMMENDED** that the Court **STAY** the Plaintiff's complaint pending the resolution of his criminal prosecution.

IV.   Plaintiff's Motion to Compel

Plaintiff has filed a motion to compel (ECF No. 16), which is **DENIED**. Following a January 31, 2024, hearing before U.S. Magistrate Judge Stephen Hyles regarding the search warrant that Plaintiff contests as invalid, Plaintiff was provided with an additional copy of the inventory sheet as requested in the motion to compel. Plaintiff has also been appointed an attorney to aid in future discovery requests as to any federal criminal proceedings arising from the application and execution of the search warrant. *See In re*

*Sealed Application for Search Warrant*, 4:23-mj-5 (MSH). As such, the motion is moot. It is otherwise premature, as no defendant has been served with process and discovery has not commenced.

 IV. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims against John Doe Defendants be **DISMISSED** without prejudice. It is further **RECOMMENDED** that Plaintiff's claims against the remaining named Defendants be **STAYED** pending the resolution of the state and/or federal court criminal proceedings against Plaintiff. Until that time, this case should be administratively **CLOSED.**

Plaintiff will be required to file a motion to reopen the case within thirty (30) days of the conclusion of the criminal proceedings against him if he wishes to proceed with his damages claims. The failure to file a timely motion to reopen his case may result in the dismissal of those claims.

As explained above, Plaintiff's motion to compel (ECF No. 16) is **DENIED** as moot, and Plaintiff's motion to supplement his complaint with an additional Defendant (ECF No. 18) is **GRANTED.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 31st day of May, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge